JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130
702-258-1183 ph./702-258-6983 fax
*Attorneys for Plaintiff Donavan McIntosh*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\*\*\*

| | |
|---|---|
| DONAVAN McINTOSH,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF NORTH LAS VEGAS, a Municipal Corporation and political subdivision of the State of Nevada; PAMELA OJEDA in her official and/or individual capacities; CLINTON RYAN in his official and/or individual capacities; ALEJANDRO RODRIGUEZ in his official and/or individual capacities; DOES I-X,<br>　　　　　　　Defendants. | Case No.: 2:21-cv-01505-APG-EJY<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[THIRD REQUEST]** |

Pursuant to FRCP Rule 6(b)(1) and LR IA 6-1 Plaintiff Donavan McIntosh ("Plaintiff"), by and through his undersigned counsel, hereby moves to extend time for his response to Defendants' Motion for Summary Judgment from the prior deadline of January 23, 2023 for one week through and including **January 30, 2023** when the response was actually filed.  This is the third request to extend this deadline.

## FACTS

The facts are set out in the Declaration of James P. Kemp, Esq. attached hereto as Exhibit 1.

1

On January 9, 2023 the court granted a stipulation and order extending the time for Plaintiff to file a response to Defendants' Motion for Summary Judgment through and including **JANUARY 23, 2023**. (ECF No. 48) (Ex 1 Decl. of Kemp at ¶4)

As related in that stipulation undersigned Plaintiff's counsel has been experiencing a very heavy workload including another summary judgment opposition in another case (*Matthys vs. Turquoise Ridge*); another summary judgment opposition in another case (*Lewis vs. Sunrise Hospital*); and an opening brief due in a Ninth Circuit case (*Raffele v. VCA, Inc.*). That made THREE summary judgment oppositions and an appellate brief all due in January 2023. (Ex 1 Decl. of Kemp at ¶5)

In the *Matthys* case the deadline to respond to Defendant's summary judgment motion was extended to **JANUARY 30, 2023**. (Ex 1 Decl. of Kemp at ¶6)

In the *Lewis vs. Sunrise Hospital* case the deadline to respond to Defendant's summary judgment motion was extended to **JANUARY 31, 2023**. That one was again extended to February 7, 2023. (Ex 1 Decl. of Kemp at ¶7)

Undersigned Plaintiff's counsel inadvertently confused the deadlines for the *Matthys* case and this *McIntosh* case. He had it in his mind that *Matthys* was due on January 23, 2023 and that *McIntosh* was due on January 30, 2023. These were just the opposite of each other. Undersigned Plaintiff's counsel realized when seeking the latest extension in *Lewis* that he had mixed up the two and that the *McIntosh* opposition had been due on *January 23, 2023*. (Ex 1 Decl. of Kemp at ¶8)

Undersigned Plaintiff's counsel filed *McIntosh* on January 30, 2023, the date he mistakenly thought that it was due. (Ex 1 Decl. of Kemp at ¶9)

This was completely just counsel having mixed up the two dates. The court can look and see that he did file the opposition in *Matthys* (Case No. 3:20-cv-00034-LRH-CLB at ECF No. 82) on January 23, 2023. Thus, it was not as if counsel was not working diligently, he just was working on the case with the later due date due to his confusion. (Ex 1 Decl. of Kemp at ¶10)

There appears to be no way that this error and one-week delay will cause any prejudice to the Defendants as they will still be able to fully respond in a Reply. (Ex 1 Decl. of Kemp at ¶11) Undersigned Plaintiff's counsel has no problem or objection to granting the Defendants additional time if they request it. (Id.)

Counsel was also ill during this period and this may have contributed to the confusion in mixing up the due dates. (Ex 1 Decl. of Kemp at ¶12)

This was a good faith error on Plaintiff's counsel's part and the late filing was in no way done in bad faith. It was an honest mistake. He simply, accidentally, worked on his briefing in the wrong order. (Ex 1 Decl. of Kemp at ¶13)

Undersigned counsel spoke with Defense counsel, Jill Garcia, Esq., on February 6, 2023 and she indicated that she could not say whether or not her client would have any opposition to this motion. (Ex 1 Decl. of Kemp at ¶14)

### POINTS AND AUTHORITIES

There is no question that this motion seeks to extend a deadline that had already passed. Under LR IA 6-1 states in relevant part that "A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."

FRCP Rule 6(b)(1) applies to extensions of time and states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if

a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

After a deadline has passed, FRCP Rule 6 (and LR IA 6-1) requires a showing of both "good cause" and "excusable neglect." *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2009). Under FRCP Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Excusable neglect requires "a demonstration of good faith . . . and some reasonable basis for noncompliance within the specified period of time." *Petrocelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3rd Cir. 1995). Whether neglect is excusable, to allow an extension of time, is an equitable determination. *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010) (determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding a party's omission).

When considering excusable neglect, a court must consider all relevant circumstances, including 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the moving party; and 4) whether the moving party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

FRCP Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.") The excusable neglect doctrine exists to prevent a victory by default. *Newgen, LLC. v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are ordinarily disfavored). An action should be decided

on its merits and not on technicality. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015) (*citing Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving disputes on the merits). *See generally 1 Moore's Federal Practice*, §6.06[3] (Matthew Bender 3d Ed.).

In this case there is no danger of prejudice to Defendants because they still have the opportunity to file a Reply and Plaintiff is more than willing to stipulate to any extension they may need. The delay was only one week which does not impose any material impact on the judicial proceedings. This case is a 2021 case, relatively young as cases go. The reason for the delay was human error. Undersigned counsel merely made a mistake about which of his three outstanding summary judgment oppositions was due on January 23, 2023 as opposed to January 30, 2023. He has been working diligently and did file the one he thought was due on January 23 on that date and did file the opposition in this case on the date he thought it was due, January 30. Relying on his memory rather than consulting the calendar was, in hindsight, not the best choice; however, this was an honest mistake and not an act of bad faith. In considering all of the factors, Plaintiff's counsel asks the court to find excusable neglect and to extend the deadline for Plaintiff's response to Defendants' summary judgment motion through January 30, 2023, that date that it was actually filed (ECF No. 49).

///

///

///

# CONCLUSION

For the reasons set forth above the Plaintiff requests that the court find good cause and excusable neglect and order that the Plaintiff's time for filing his response to Defendants' summary judgment motion be extended through and including January 30, 2023, the date that the Opposition was filed with the court (ECF No. 49)

Respectfully submitted,

DATED February 6, 2023

/s/ James P. Kemp
JAMES P. KEMP, ESQ
Nevada Bar No. 6375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

# ORDER

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2023.