**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONAVAN McINTOSH,

    Plaintiff

v.

CITY OF NORTH LAS VEGAS, et al.,

    Defendants

Case No.: 2:21-cv-01505-APG-EJY

**Order Granting in Part Nonparty Witness State Senator Dina Neal's Motion to Quash or Modify Trial Subpoena**

[ECF No. 133]

Donavan McIntosh sues the City of North Las Vegas (CNLV) and current or former CNLV police officials Pamela Ojeda, Clinton Ryan, and Alejandro Rodriguez, alleging they subjected him to race discrimination and retaliation for engaging in protected activity in the form of good-faith reporting of discriminatory conduct.

McIntosh's allegations include that: (1) he engaged in such protected activity when he contacted then-State Assemblywoman and friend Dina Neal (now State Senator Neal) to discuss concerns about his work environment in the fall of 2018; and (2) Senator Neal discussed McIntosh's individual work-related concerns with CNLV and its officials in January or February of 2019.[1]  McIntosh also alleges the defendants took adverse actions against him shortly after Senator Neal met with them in January or February of 2019 and shortly after Senator Neal participated in a legislative hearing on March 7, 2019 that McIntosh characterizes as critical of the CNLV police department.

On April 17, 2026, McIntosh served Senator Neal with a trial subpoena commanding her to appear and testify as a nonparty witness at the jury trial in this case.  On April 24, 2026, Senator Neal moved to quash or modify the trial subpoena and for a protective order. ECF No. 133.  She

---

[1] From 2010 to 2020, Senator Neal served as a member of the Nevada State Assembly.  In 2020 and 2024, Senator Neal was elected as a member of the Nevada State Senate, and her current four-year term of office ends on the day after the general election in 2028.

-1-

argues that most, if not all, of her testimony is precluded by the doctrine of legislative privilege and immunity.  On April 28, 2026, I heard oral argument on the motion.  Senator Neal was represented by the Legal Division of the Legislative Counsel Bureau (LCB Legal), which represents her in her official capacity as a member of the Nevada Legislature (Legislature). *See State ex rel. Cannizzaro v. First Jud. Dist. Ct.*, 136 Nev. 315, 318-20, 466 P.3d 529, 532-33 (2020) (discussing LCB Legal's representation of state legislators in their official capacity).  I grant the motion in part.

Legislative privilege and immunity prevents compelled testimony and compelled disclosure of legislative materials when such testimony or disclosure would intrude upon, interfere with, or pry into the legislative process. *See Gravel v. United States*, 408 U.S. 606, 616-17 (1972); *Lee v. City of Los Angeles*, 908 F.3d 1175, 1186-88 (9th Cir. 2018); *Jeff D. v. Otter*, 643 F.3d 278, 289-90 (9th Cir. 2011); *City of Las Vegas v. Foley*, 747 F.2d 1294, 1297-99 (9th Cir. 1984); *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 530-31 (9th Cir. 1983).  The protection extends to all actions taken "in the sphere of legitimate legislative activity."  *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (quoting *Tenney*, 341 U.S. at 376).  Such legislative activity is protected if it is "essential to the deliberations" of the legislative body or "necessary to prevent indirect impairment of such deliberations." *Gravel*, 408 U.S. at 625 (quoting *United States v. Doe*, 455 F.2d 753, 760 (1st Cir. 1972)).

Similar to other privileges and immunities, legislative privilege and immunity generally must be asserted on a question-by-question basis.  Senator Neal is entitled to protection if questioning touches upon interactions and communications she had in her official capacity to the extent it relates to her discussion of legislative matters or her participation in legislative committee proceedings.  This includes the legislative committee proceedings on March 7, 2019.  But the protections do not apply outside of that context.  She may be questioned about interactions and

communications she had with McIntosh or others in her official capacity to the extent it relates to McIntosh's individual employment circumstances with the CNLV police department.

Some of the disputed issues at trial will include whether McIntosh engaged in protected activity when he contacted Senator Neal. There may be a dispute whether Senator Neal actually discussed McIntosh's individual work-related concerns with CNLV officials in January or February of 2019 or whether she instead discussed legislative matters concerning the CNLV police department's recruiting and employment practices and its expenditure of public funds for police services under certain legislation. In addition, some of the disputed issues at trial will include whether CNLV and its officials took adverse actions against McIntosh shortly after Senator Neal met with CNLV officials in January or February of 2019 and shortly after Senator Neal participated in legislative committee hearings on March 7, 2019.

If the parties question Senator Neal about matters associated with her official capacity when she was acting within the sphere of her legislature activities, she is entitled to the protection of legislative privilege and immunity as to such questions. If the parties question Senator about matters associated with her official capacity when she was acting outside of the legislative sphere (e.g., helping out a constituent or friend), she is not entitled to the protection of legislative privilege and immunity for those questions. These decisions will be made on a question-by-question basis at trial.

I THEREFORE ORDER that Senator Neal's motion to quash or modify the trial subpoena and for protective order **(ECF No. 133) is GRANTED in part** as set forth above.

DATED this 5th day of May, 2026, nunc pro tunc May 4, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE